Elliott et al. *v.* Harrigill

No. 41987          October 23, 1961          133 So. 2d 612

*Bernard W. N. Chill, Ben H. Walley,* Jackson, for appellants.

*Wm. A. Bacon,* Jackson, for appellee.

Gillespie, J.

Section 239, Mississippi Code of 1942, requires the maker of a note be joined as a party defendant in a suit against the endorsers. The question in this case is whether the requirement of Section 239 is satisfied when the holder sues the endorsers in chancery without joining the maker, then sues the maker in a separate suit in the same court which is consolidated with the first suit without objection by endorsers, and one final joint and several decree is entered against the endorsers and the maker. We hold that under the circumstances of this case the requirement of the statute was satisfied.

On June 2, 1960, appellee filed suit against appellants on a note payable to appellee. The maker of the note was Hinds Chemical Company, Inc. Appellants were two of the endorsers of the note. Equity jurisdiction was invoked because of discovery aspects of the bill of complaint. Dr. and Mrs. Elliott, appellants, were given 80 days additional time to answer the bill of complaint. Nicholson and Pleasants, defendants below and also endorsers, were granted 30 days additional time to answer. On August 23, 1960, Nicholson and Pleasants filed two special pleas and an answer to the bill. On August 26, 1960, Dr. and Mrs. Elliott filed their answer which incorporated three special pleas. On September 15, 1960, Dr. and Mrs. Elliott filed another special plea in bar.

The case was set for trial on November 22, 1960. Before trial on that morning, appellants filed a special plea in abatement based on Section 239, Mississippi Code of 1942, and the fact that the maker of the note was

not a party, and gave notice to appellee, pursuant to Section 253, Mississippi Code of 1942, to begin prosecution of suit against the maker as provided in said statute. The court heard the plea in abatement before trial on the merits and overruled it on the ground that it was not timely filed. Appellants then announced they would stand on their plea and declined to take any further part in the case. The court, however, required appellants to remain in court while appellee proved his case, after which he took the case under advisement.

Also on November 22, 1960, appellee filed a separate bill of complaint in the same court against Hinds Chemical Company, Inc., the maker of the note. Hinds Chemical Company, Inc., did not answer, and on November 29, 1960, a decree pro confesso was entered against it. On the same date appellee filed a motion to consolidate the two cases. Appellants made no objection and a decree of consolidation was entered on December 8, 1960, and on the same day entered one final decree in the consolidated causes wherein appellee recovered judgment against all the defendants, jointly and severally. No further proceedings were had below. The Elliotts, Nicholson and Pleasants appealed.

Appellants contend (1) that Section 239, Mississippi Code of 1942, unqualifiedly requires that a resident maker of a note be joined in a suit to enforce payment, and (2) that the consolidation of the causes did not meet the requirements of said Section 239.

Appellee contends (1) that appellee was not required to sue the maker with the endorsers because the maker was insolvent; (2) the maker and endorsers were jointly and severally liable and could be sued separately; (3) appellants waived the right to demand that the maker be joined as a party by not filing the special plea in abatement with their answer and waiting until the day the case was set for trial to file the same; and (4) the causes were properly consolidated and appellants may

not object to the consolidation for the first time in the Supreme Court.

We pretermit consideration of all contentions of appellee except the fourth.

■■ It is the general rule that the consolidation of causes does not make the parties to one cause parties to the other and that separate decrees are entered, unless the nature of the matters be such that it is clearly proper to include them in one decree. Mississippi Chancery Practice, Griffith, Section 506. ■■ This was a proper case for a single decree and a single decree was entered, and the judgment was joint and several against the defendants in both causes. ■■ The single decree was to the advantage of appellants and satisfied the main purpose of Section 239, Mississippi Code of 1942. For all pratical purposes, the maker was thus joined as a defendant with the endorsers.

It would have been the better practice for appellee to amend the bill by making the maker a party rather than filing the separate suit and then consolidating the causes. ■■ However, as far as this case is concerned, the decisive factor was the failure of appellants to make any objections to the consolidation until the case reached this Court. 3 Am. Jur., Appeal and Error, Section 339. It is now too late to raise objection to the consolidation, even if we assume appellants could have shown good reason in the court below why the cases should not have been consolidated.

Appellants had every opportunity to make a defense if they had one. The judgment against them as endorsers is joint and several with the maker of the note. They failed to object below to the consolidation, and if they had any valid objection it was waived. We find no reversible error.

Affirmed.

*McGehee, C.J.*, and *Kyle, Arrington* and *Ethridge, JJ.*, concur.

## ON SUGGESTIONS OF ERROR

ETHRIDGE, J.

The two groups of appellants have filed separate suggestions of error. They have been carefully considered and are hereby overruled.

The fourth paragraph of our original opinion states that only the Elliotts appealed. Since the record reflects that the other defendants, Nicholson and Pleasants, also took an appeal, that recitation is corrected accordingly.

Suggestions of error overruled.

*McGehee, C.J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.